# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| MERCHANTS BONDING COMPANY (MUTUAL), | |
| Plaintiff, | |
| v. | CAUSE NO.: 2:18-CV-75-TLS |
| MIDWEST EXPRESS, INC., et al., | |
| Defendants. | |

## OPINION AND ORDER

This matter is before the Court sua sponte. The Court must continuously police its subject matter jurisdiction. *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002).

In the Complaint, the Plaintiff alleges that the Court has jurisdiction of this matter under 49 U.S.C. § 14704 for actions relating to motor carriers or brokers; "28 U.S.C. § 1335 which grants Federal District Courts original jurisdiction of any civil action of interpleader as two or more of the adverse claimants in this action, designated as defendants, are of diverse citizenship and the penal sum of the bond is equal to or more than $500.00"; and 28 U.S.C. § 1352, which grants Federal District Courts original jurisdiction of any action on a bond executed under any law of the United States. Pl.'s Compl. ¶ 648, ECF No. 1.

District courts have original jurisdiction over interpleader claims under § 1335 when (1) a stakeholder has some instrument of value greater than or equal to $500, and (2) there is "minimal diversity" between two or more adverse claimants. 28 U.S.C. § 1335(a); *see also State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 530–31 (1967). Minimal diversity is defined as "diversity of citizenship between two or more claimants, without regard to the circumstance that

1

other rival claimants may be co-citizens." *Tashire*, 386 U.S. at 530. "The citizenship of the stakeholder is irrelevant for jurisdictional purposes in statutory-interpleader actions." 7 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1703 (3d ed.).

In this case, the adverse claimants are corporations, limited liability companies, and a limited partnership. A corporation is a citizen of every state and foreign state in which it has been incorporated and the state or foreign state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010) (holding that the term "principal place of business" refers to the corporation's "nerve center," that is, the place where a corporation's officers direct, control, and coordinate the corporation's activities). A limited liability company and a partnership each take the citizenship of its members. *See Belleville Catering Co. v. Champaign Mkt. Place, LLC*, 350 F.3d 691, 692 (7th Cir. 2003); *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998).

For each of the defendant corporations, the Complaint alleges the state of incorporation but does not allege the corporation's principal place of business. For each of the defendant limited liability companies, the Complaint alleges the state of formation but does not allege the citizenship of the limited liability company's members. For the defendant limited partnership, the Complaint alleges the state of formation but does not allege the citizenship of the partnership's members. As the party seeking to invoke this Court's jurisdiction, the Plaintiff bears the burden of demonstrating that the jurisdictional requirements have been met. *Hertz Corp.*, 559 U.S. at 96; *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802–03 (7th Cir. 2009).

Accordingly, the Court ORDERS the Plaintiff to file, on or before September 10, 2019, a supplemental jurisdictional statement identifying all of the elements of the citizenship of at least

two diverse adverse claimants to demonstrate the minimal diversity of citizenship between adverse claimants required under 28 U.S.C. § 1335.

SO ORDERED on August 13, 2019.

                                                s/ Theresa L. Springmann
                                               CHIEF JUDGE THERESA L. SPRINGMANN
                                               UNITED STATES DISTRICT COURT