UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MERCHANTS BONDING COMPANY (MUTUAL),<br><br>Plaintiff,<br><br>v.<br><br>MIDWEST EXPRESS, INC., et al.,<br><br>Defendants. | CAUSE NO.: 2:18-CV-75-TLS |

## ORDER

This matter is before the Court on the Plaintiff's Motion for Entry of Judgment [ECF No. 284], filed on October 25, 2019. For the reasons stated below, the Plaintiff's Motion is GRANTED.

## BACKGROUND

On February 21, 2018, the Plaintiff filed a Complaint in Interpleader against numerous Defendants relating to a surety bond. *See* Pl.'s Compl., pp. 26–128, ECF No. 1. The Plaintiff sought to determine the Defendants' respective ownership interests regarding Surety Bond No. MN 26771, Form MBC-84 (the "bond"). *See id.*, pp. 128–30. On September 12, 2018, the Plaintiff filed an Amended Complaint, adding a Defendant and dropping two Defendants. *See* Pl.'s Am. Compl., ECF No. 227.

Five Defendants have responded to the Amended Complaint. *See* Def.'s Answers, ECF Nos. 228, 229, 231, 276, 279. Those Defendants are as follows: (1) Diamond Freight, Inc.; (2) Dolche Truckload, Corp.; (3) DSCH Capital Partners, LLC d/b/a Far West Capital Transportation; (4) Go To Logistics, Inc., also known as GT Expedited; and (5) Premium Express, Inc. In addition, six Defendants have been dismissed. *See* June 10, 2019 Order, ECF

No. 274. The Clerk of Court has entered defaults against the remaining approximately 265 Defendants pursuant to Federal Rule of Civil Procedure 55(a). *See* Clerk's Entry of Default, ECF Nos. 163, 170, 171, 178, 179, 180, 181, 185, 186, 187, 191, 210, 214, 219, 222, 225, 242, 243, 262, 265, 269, 278.

On October 25, 2019, the Plaintiff filed the instant Motion for Entry of Judgment against all remaining Defendants except for the Defendants who each filed an Answer. *See* Pl.'s Mot. for Entry of Default J., ¶ 14, ECF No. 284. The Plaintiff has also submitted an exhibit which discusses the status of each Defendant. Ex. A, ECF No. 284-1. No Defendant has objected to the Motion for Entry of Judgment.

## ANALYSIS

The Plaintiff requests (1) an entry of final judgment against all remaining Defendants, except for the five Defendants specifically listed above who each filed an Answer; and (2) an order prohibiting all Defendants, except for the five Defendants specifically listed above who each filed an Answer, from instituting or prosecuting any action against the bond.[1] The Court grants this request.

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). However, "an order of default is not a final judgment, though a default judgment is." *United States v. Hansen*, 795 F.2d 35, 37 (7th Cir. 1986) (citing *Dimmit & Owens Fin., Inc. v. United States*, 787 F.2d 1186, 1189–90 (7th Cir. 1986)). An entry of default is an intermediate, ministerial, and nonjudicial docket entry. *Id.* at 37;

---

[1] The Court notes that the Plaintiff has cited to Federal Rule of Civil Procedure 54(b) in support of its Motion. This appears to be a clerical error. Due to the fact that the previous twenty-two Motions for Clerk's Entry of Default were filed pursuant to Rule 55(a), the Court will construe this as a Motion for Entering a Default Judgment pursuant to Federal Rule of Civil Procedure 55(b)(2).

*see also Dimmit & Owens*, 787 F.2d at 1189 ("[A] default order against a defendant is not a final judgment that concludes the lawsuit against that defendant, even on the matters covered by the order."). Indeed, a district court may set aside an entry of default for good cause shown. Fed. R. Civ. P. 55(c); *see also Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 630 (7th Cir. 2009). However, pursuant to Federal Rule of Civil Procedure 55(b)(2), the Court may enter a default judgment. Fed. R. Civ. P. 55(b)(2).

In this case, the Plaintiff has instituted an interpleader action against numerous Defendants in order to determine their respective ownership interests in the bond. The Clerk of Court, pursuant to Federal Rule of Civil Procedure 55(a), has entered default against the nonresponding Defendants against whom the Plaintiff now seeks entry of final judgment. The Plaintiff now requests a final judgment against all Defendants except for (1) Diamond Freight, Inc.; (2) Dolche Truckload, Corp.; (3) DSCH Capital Partners, LLC d/b/a Far West Capital Transportation; (4) Go To Logistics, Inc., also known as GT Expedited; and (5) Premium Express, Inc. Pl.'s Mot. for Entry of J., ¶ 13, ECF No. 284 The Plaintiff further requests that the other Defendants, except for those five Defendants specifically mentioned above, be prohibited from instituting or prosecuting any action against the bond. *Id.* The Court grants this request pursuant to Federal Rule of Civil Procedure 55(b)(2).

## CONCLUSION

For the reasons stated above, the Plaintiff's Motion for Entry of Judgment [ECF No. 284] is GRANTED. The Court ORDERS that JUDGMENT be entered against all defaulted Defendants as listed in Exhibit A [ECF No. 284-1]. The defaulted Defendants as listed in Exhibit A [ECF No. 284-1] are PROHIBITED from instituting or prosecuting any action against Merchants Bonding Company (Mutual) on Surety Bond No. MN 26771.

SO ORDERED on November 15, 2019.

                                           s/ Theresa L. Springmann  
                                          CHIEF JUDGE THERESA L. SPRINGMANN  
                                          UNITED STATES DISTRICT COURT