# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| MERCHANTS BONDING COMPANY (MUTUAL), | |
| Plaintiff, | |
| v. | CAUSE NO.: 2:18-CV-75-TLS |
| MIDWEST EXPRESS, INC., et al., | |
| Defendants. | |

## OPINION AND ORDER

This matter is before the Court on the Plaintiff's Motion to Modify Entered Order [ECF No. 290] and Stipulation of Dismissal [ECF No. 289], both filed on January 2, 2020. For the reasons stated below, the Plaintiff's Motions are GRANTED.

## BACKGROUND

On February 21, 2018, the Plaintiff filed a Complaint in Interpleader against numerous Defendants relating to a surety bond. *See* Pl.'s Compl., pp. 26–128, ECF No. 1. The Plaintiff sought to determine the Defendants' respective ownership interests regarding Surety Bond No. MN 26771, Form BMC-84 (the "bond"). *See id.* at 128–30. On February 22, 2018, the Plaintiff filed a Motion to Deposit Funds into the Registry of the Court [ECF No. 3] in which it asserted that "[t]he total amount of claims received exceeds the $75,000.00 penal sum of the Bond and, accordingly, Merchants is unable to determine the respective interests of the claimants to the proceeds of the Bond." Pl.'s Mot. to Deposit Funds ¶ 4, ECF No. 3. Thus, the Plaintiff requested "to pay the total penal sum of the Bond into the Court for disbursement as the Court deems proper." *Id.* ¶ 5.

On March 8, 2018, pursuant to Federal Rule of Civil Procedure 67, the Court granted this request and directed the Clerk of Court to accept and deposit the funds into the Registry of the Court. Order, pp. 1–2, ECF No. 54. On September 12, 2018, the Plaintiff filed an Amended Complaint, adding a Defendant and dropping two Defendants. *See* Pl.'s Am. Compl., ECF No. 227.

On November 26, 2019, the Plaintiff filed a Motion to Distribute Monies Deposited with the Registry of the Court [ECF No. 287]. The Plaintiff stated that five Defendants remained in this case. *See* Def.'s Answers, ECF Nos. 121, 229, 231, 276, 279; *see also* Order, p. 3, ECF No. 285; Clerk's Entry of Judgment, ECF No. 286. Those Defendants were as follows: (1) Diamond Freight, Inc.; (2) Dolche Truckload, Corp.; (3) DSCH Capital Partners, LLC d/b/a Far West Capital Transportation; (4) Go To Logistics, Inc., also known as GT Expedited; and (5) Premium Express, Inc. Diamond Freight stated that it was owed $48,707.00 under the bond. First Am. Answer to Am. Compl., p. 4, ECF No. 276. Dolche Truckload asserted a claim for $3,400.00. Answer to Am. Compl., p. 3, ECF No. 231. DSCH Capital Partners d/b/a Far West Capital Transportation asserted a claim for $5,000.00. Answer, p. 3, ECF No. 121. Go To Logistics asserted a claim for $300,092.50. Answer to Am. Compl, p. 3, ECF No. 229. Premium Express asserted a claim for $40,253.00. Am. Answer, p. 5, ECF No. 279.

Because these claims exceeded the value of the bond, the Plaintiff sought to distribute the bond's proceeds on a pro rata basis. *See* Pl.'s Mot. For Disbursement of Funds, ECF No. 287. On December 31, 2019, the Court granted the Plaintiff's request. Order, ECF No. 288.

On January 2, 2020, the Plaintiff filed the instant Motion to Modify Entered Order [ECF No. 290] and Stipulation of Dismissal [ECF No. 289]. The Plaintiff states that Diamond Freight "informed Merchants on December 23, 2019 that Diamond collected its claimed amounts from a

third party and that Diamond is no longer due any claimed amounts." Stipulation of Dismissal ¶ 1. "As a result, the parties stipulate to the dismissal of Diamond's claims and Diamond agrees not to institute or prosecute any action against Merchants relating to or regarding the Bond." *Id.* ¶ 3. In the Motion to Modify Entered Order, the Plaintiff requests an amendment of the Court's prior order to distribute the bond on a pro rata basis to the four remaining Defendants. No Defendant has objected or otherwise responded to this request.

## ANALYSIS

The Plaintiff seeks to (1) dismiss Diamond Freight with prejudice and (2) modify the Court's prior order to distribute the bond's proceeds on a pro rata basis to the four remaining Defendants. For the reasons stated below, the Plaintiff's requests are granted.

First, the Court grants the request to dismiss Diamond Freight with prejudice. As relevant to the procedural posture of this case, Federal Rule of Civil Procedure 41(a)(2) provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2); *see also Babcock v. McDaniel*, 148 F.3d 797, 799 (7th Cir. 1998) (noting the trial court's discretion under Rule 41(a)(2)). Both the Plaintiff and Diamond Freight joined the Stipulation of Dismissal [ECF No. 289]. Within this Stipulation, the Plaintiff and Diamond Freight agree that Diamond Freight should be dismissed with prejudice because it collected its claimed amounts from a third party. Stipulation of Dismissal ¶¶ 1–3. No other party has objected to this request. Accordingly, the Court finds that dismissal of Diamond Freight with prejudice is "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).

Second, the Court will modify its prior Order. The Court notes that Diamond Freight "informed [Plaintiff] on December 23, 2019 that Diamond collected its claimed amounts from a third party and that Diamond is no longer due any claimed amounts." Stipulation of Dismissal

¶ 1. However, Plaintiff did not inform the Court of this development until January 2, 2020. Due to this late notice, the Court entered an order on December 31, 2019, which granted the relief requested in the Plaintiff's first Motion for Disbursement of Funds [ECF No. 287]. However, Federal Rule of Civil Procedure 60(b)[1] provides that a court, on motion and just terms, may relieve a party from a final judgment, order, or proceeding if there was a mistake, inadvertence, surprise, or excusable neglect. Fed. R. Civ. P. 60(b)(1). Because these events occurred during the holiday season and the stakes of this case are low, the Court finds that Plaintiff has demonstrated excusable neglect. *See Castro v. Bd. of Educ. of the City of Chi.*, 214 F.3d 932, 934–35 (7th Cir. 2000) (noting the trial court's discretion under Rule 60(b)(1)).

Finally, as mentioned above, the Plaintiff seeks to amend this Court's prior order because Diamond Freight has settled its claim. The four remaining Defendants have asserted the following claims against the bond:

| Defendant | Claim |
|---|---:|
| Dolche Truckload Corp. | $3,400.00 |
| DSCH Capital Partners, LLC d/b/a Far West Capital Transportation | $5,000.00 |
| Go To Logistics, Inc. | $300,092.50 |
| Premium Express, Inc. | $40,253.00 |
| **Total** | $348,745.50 |

---

[1] The Court notes that the Plaintiff miscited the applicable Federal Rule of Civil Procedure in support of its Motion. In the interest of judicial efficiency, the Court will construe the Plaintiff's request under Federal Rule of Civil Procedure 60(b).

However, because the sum of the bond is only $75,000.00, the Plaintiff seeks to disburse the bond's proceeds on a pro rata[2] basis as follows:

| Defendant | Pro Rata Claim |
|---|---|
| Dolche Truckload Corp. | $731.22 |
| DSCH Capital Partners, LLC d/b/a Far West Capital Transportation | $1,075.32 |
| Go To Logistics, Inc. | $64,536.88 |
| Premium Express, Inc. | $8,656.58 |
| **Total** | $75,000.00 |

Upon disbursement of the funds, the Plaintiff requests that the Court discharge it of any and all duties it may have owed under the bond. No Defendant has filed a response to this Motion, and the opportunity to do so has passed.

As previously noted, the Plaintiff suggests disbursement of the bond's proceeds on a pro rata basis to the remaining four Defendants. In other contexts, the Seventh Circuit has reasoned that the distribution of assets on a pro rata basis is fair and reasonable because it "ensures that investors with substantively similar claims to repayment receive proportionately equal distributions." *S.E.C. v. Wealth Mgmt. LLC*, 628 F.3d 323, 333 (7th Cir. 2010); *see also Duff v. Cent. Sleep Diagnostics, LLC*, 801 F.3d 833, 841 (7th Cir. 2015) (noting the district court's broad discretion to approve a distribution plan). The Court finds that the Plaintiff's proposed distribution is a fair and reasonable plan. Indeed, this Court previously approved the disbursement of the bond's proceeds on a pro rata basis to the five defendants prior to the

---

[2] Pro rata is defined as "[p]roportionately; according to an exact rate, measure, or interest." Black's Law Dictionary (11th ed. 2019).

dismissal of Diamond Freight. Order, p. 4, ECF No. 288. Accordingly, the Plaintiff's disbursement plan is approved.[3]

## CONCLUSION

For the reasons stated above, the Plaintiff's Motion to Modify Entered Order [ECF No. 290] and Stipulation of Dismissal [ECF No. 289] are GRANTED. The Court's prior Order [ECF No. 288] is VACATED. The Plaintiff is DISCHARGED of any duties it may have owed under Surety Bond No. MN 26771, Form BMC-84. Defendant Diamond Freight, Inc. is DISMISSED with prejudice. The Clerk of Court is DIRECTED to disburse the funds deposited with this Court as follows:

| Dolche Truckload Corp. | $731.22 |
|---|---|
| DSCH Capital Partners, LLC d/b/a Far West Capital Transportation | $1,075.32 |
| Go To Logistics, Inc. | $64,536.88 |
| Premium Express, Inc. | $8,656.58 |

After the distributions have been made, the Clerk of Court is DIRECTED to close this case.

SO ORDERED on February 4, 2020.

s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT

---

[3] To the extent that rounding errors may exist, the Court finds that the proposed disbursement is still fair and reasonable. Alternatively, the Defendants did not object or otherwise raise this potential issue.

The Court also notes that DSCH Capital Partners filed an Answer to the Complaint but apparently did not file an Amended Answer to the Amended Complaint. *See* Ex. A, p. 11, ECF No. 284-1. As mentioned above, the Plaintiff intends to distribute funds to DSCH Capital Partners. No other Defendant has objected to disbursing funds to DSCH Capital Partners. Accordingly, any potential issue regarding the failure to file an amended answer is waived. Regardless, the Court finds that the disbursement remains fair and reasonable.